Argued October 8, reversed and remanded December 16, 1976

FRIEDMAN, *Respondent,*
*v.*
DOAK, *Defendant,*
JONES, *Appellant.*

557 P2d 237

*Sam A. McKeen,* Klamath Falls, argued the cause and filed a brief for appellant.

*Alan M. Lee,* of Smith & Lee, Klamath Falls, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Holman, Tongue and Sloper, Justices.

SLOPER, J., Pro Tempore.

**SLOPER, J.,** Pro Tempore.

The defendant Jones has appealed from a judgment entered by the trial court after his demurrer to the plaintiff's complaint had been overruled and he refused to further plead.

The complaint alleges that on or about August 4, 1966, defendant Jones and one Kenneth N. Doak filed with the Klamath County Clerk a supersedeas appeal bond, whereby they, as sureties, agreed to pay all damages, costs and disbursements awarded against defendants Bridger on an appeal of the case of *J. Ward Friedman v. Ernest C. and Dorothea Bridger* to the Supreme Court of the State of Oregon. That thereafter and on or about the 10th day of May, 1967, the Supreme Court rendered its judgment in favor of the plaintiff and against defendants Bridger (*Friedman v. Bridger,* 246 Or 549, 426 P2d 859 (1967)). That although demand has been made upon defendant Jones, he has failed and refused to pay to plaintiff the amount due him by way of said supersedeas appeal bond in the amount of $2,659.78 and costs in the amount of $59.20. It is further alleged that defendants Bridger have filed bankruptcy and are no longer liable on the debt. The defendant demurs to the plaintiff's complaint upon the ground and for the reason that the complaint shows upon its face that the action is barred by the statute of limitations.

The defendant advises us that the only issue in this appeal is whether ORS 12.070[1] or ORS 12.080[2] is the

---

[1]
"(1) An action upon the judgment or decree of any court of the United States, or of any state or territory within the United States; or

"(2) An action upon a sealed instrument entered into before August 13, 1965,

shall be commenced within 10 years."

[2]
"(1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250;

"* * * * *;

"shall be commenced within six years."

applicable statute of limitations to apply to the plaintiff's cause of action.

The defendant contends that the plaintiff's action is based upon a sealed instrument and that ORS 12.080 (the six-year statute of limitations) applies, since ORS 12.070 (the ten-year statute of limitations), exempts sealed instruments that are entered into after August 13, 1965, as this one was. The defendant concedes that if the Klamath County Clerk had recorded a judgment against Jones as surety, the plaintiff would have 10 years under the statute of limitations involved within which to execute upon the judgment. The defendant further contends that the plaintiff's complaint is not an action to collect on an existing judgment, there being no allegation in the complaint of an existing judgment, but is simply an action based upon the original undertaking executed by the defendant more than six years ago.

An examination of the record fails to reveal that any judgment was ever entered against either the principal defendants or the defendant sureties following the issuance of the mandate by the Supreme Court upon its affirmance of the principal case, notwithstanding the affirmative duty of the county clerk under ORS 19.190(1), (2) and (3) to enter judgment. Apparently no judgment was ever entered. The clerk's duty in this regard was interpreted in *Bertin & Lepori v. Mattison,* 81 Or 482, 159 P 1167 (1916) as follows:

> "The rule seems to be invariable that, where the mandate of the Supreme Court directs specifically what judgment shall be entered by the lower court, its duty is to follow that direction implicitly; it being, in effect, the judgment of the Supreme Court."

and was further delineated in *Dickson v. King,* 151 Or 512, 49 P2d 367 (1935), by the following language:

> "The purpose of a mandate is to apprise the lower court of the disposition of the cause on appeal and to direct proceedings in accordance therewith. * * * It was the duty of the clerk upon its receipt to enter the same in the journal. Neither he nor the court below had any

discretion in the matter. Such is the plain mandate of the statute. * * *" 151 Or at 514.

When the mandate should be entered by the clerk is indicated in *Wolfe Investments v. Shroyer,* 249 Or 23, 436 P2d 554 (1968):

"* * * As to time of entry of the judgment, the words, 'upon the receipt of the mandate,' contemplate no discretion on the part of the judge or the clerk of the circuit court as to the time of entry. It is 'upon the receipt of the mandate.' "

The problem in this case is attributable to the apparent failure of the county clerk to record the judgment against the defendants, or their sureties, in the prior case following the issuance of the mandate of the Supreme Court.

We fail to find from our examination of the allegations of the plaintiff's complaint that there is an allegation that judgment upon the mandate was entered against the principal defendants in the prior case or their sureties. The essence of the allegations of the plaintiff's complaint is simply that the defendant Jones filed a supersedeas appeal bond in the earlier case, by which he agreed to pay damages, costs and disbursements that might be awarded on appeal against his principals, and that the Supreme Court thereafter rendered judgment against those principals. It is significant that the plaintiff attaches as an exhibit to the complaint a copy of the supersedeas bond executed by the defendant. If this were an action based upon a prior judgment, not only would the attached exhibit be unnecessary, but this case also would be unnecessary because the plaintiff could simply have a writ of execution issued for its enforcement. ORS 23.030.[3]

In our opinion, the allegations of the plaintiff's

---

[3] "The party in whose favor a judgment is given, which requires the payment of money, the delivery of real or personal property, or either of them, may at any time after the entry thereof, and so long as the judgment remains a lien, have a writ of execution issued for its enforcement."

complaint, even when liberally construed, are insufficient to constitute an action upon a judgment. They allege only an action based upon the original undertaking executed by the defendant. We conclude that ORS 12.080 governs and that the applicable statute of limitations is six years. The trial judge was in error in overruling the defendant's demurrer. The judgment entered against the defendant following his refusal to further plead is set aside and the trial judge is instructed to vacate the order overruling the defendant's demurrer and to dismiss the plaintiff's complaint.

Reversed and remanded.