Joseph BOVA,
*Plaintiff-Respondent,*

*v.*

CITY OF MEDFORD,
an incorporated Subdivision of the State of Oregon;
and Michael Dyal,
City Manager of the City of Medford,
as an individual, and in his official capacity,
*Defendants-Appellants.*

Jackson County Circuit Court 081663E7;
A144254 (Control), A146597, A147477

350 P3d 607

Robert E. Franz, Jr., and Law Office of Robert E. Franz, Jr., filed the briefs for appellants.

Stephen L. Brischetto filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiff, a now-retired employee of the City of Medford, brought this action against the city and its city manager (collectively, "the city"), claiming that the city violated ORS 243.303(2). That statute provides that a "local government that contracts for or otherwise makes available health care insurance coverage for officers and employees of the local government shall, insofar as and to the extent possible, make the coverage available for any retired employee of the local government." Plaintiff claimed that the city violated ORS 243.303(2) when it made certain health insurance coverage available to city employees while they were working, but failed to make that coverage available to plaintiff and members of a certified class of current employees when they retired. Plaintiff sought declaratory and injunctive relief, and the trial court granted him that relief after concluding, on plaintiff's motion for summary judgment, that the city had violated ORS 243.303(2). The city appealed, challenging that ruling along with several others. We concluded that the trial court erred in granting summary judgment to plaintiff on his claim for declaratory and injunctive relief under ORS 243.303(2), because "the legal standard that the trial court applied conflicts with the standard articulated by the Supreme Court in *Doyle v. City of Medford*, 347 Or 564, 227 P3d 683 (2010) [*Doyle I*], a decision that issued after the trial court's summary judgment ruling." *Bova v. City of Medford*, 262 Or App 29, 31-32, 324 P3d 492 (2014) (*Bova I*).

Plaintiff petitioned for review. While his petition was pending, the Supreme Court issued its decision in *Doyle v. City of Medford*, 356 Or 336, 337 P3d 797 (2014) (*Doyle II*), a case involving claims for damages brought by retired city workers under ORS 243.303(2) that the trial court considered along with plaintiff's claims in this case. As to the *Doyle* plaintiffs' damages claim under ORS 243.303(2), the trial court determined that that statute provided for a private right of action for damages. In *Doyle II*, the Supreme Court concluded that there is no tort-based private right of action for a local government's violation of ORS 243.303(2), but held that the plaintiffs in that case did "have a claim for a determination of the parties' rights and duties under the statute that is actionable under the Declaratory Judgments

Act" and could seek "supplemental relief" under the act for "any cognizable damages." 356 Or at 372, 383. Shortly after issuing its decision in *Doyle II*, the Supreme Court allowed review in this case, vacated our decision, and remanded "for determination of whether plaintiff is entitled to summary judgment on the ground that the city violated ORS 243.303 as determined under ORS Chapter 28."[1] *Bova v. City of Medford*, 356 Or 516, 340 P3d 47 (2014) (*Bova II*).

In light of the focused nature of the Supreme Court's judgment on remand, we need not review in detail the tortured procedural history surrounding the *Doyle* and *Bova* litigation, which is now the subject of at least a dozen state and federal appellate court opinions.[2] Instead, consistent with the court's instructions, we consider plaintiff's ORS 243.303(2) claim in light of the Declaratory Judgments Act (the Act), ORS chapter 28. In his complaint, plaintiff sought a "[d]eclaratory judgment and equitable relief, including [an injunction prohibiting [the city] from continuing [its] unlawful conduct." In *Bova I*, 262 Or App at 36 n 4, we noted that "plaintiff seeks declaratory and injunctive relief on the application of ORS 243.303(2) under the [Act]." As the Supreme Court made clear in *Doyle II*, 356 Or at 383, the Act provides

_____

[1] As with this case, the Supreme Court in *Doyle II* remanded the case to this court to decide "whether plaintiffs are entitled to summary judgment on the ground that the city violated ORS 243.303 as evaluated under ORS Chapter 28." 356 Or at 383. On remand from the Supreme Court's decision in *Doyle II*, we concluded that the trial court's interpretation of ORS 243.303(2) was incorrect under *Doyle I*, and we therefore reversed and remanded for the trial court to reconsider the parties' motions for summary judgment on the question of whether the city violated ORS 243.303(2). *See Doyle v. City of Medford*, 271 Or App 458, 463, 351 P3d 768 (2015). As explained herein, we reach the same result here with respect to plaintiff's motion for summary judgment on his ORS 243.303(2) claim.

[2] We also need not revisit our disposition of the other assignments of error considered in *Bova I*. We adhere to (1) our conclusion that the city failed to preserve its argument that the trial court erred in ruling in plaintiff's favor on the city's summary judgment motions because the Employment Retirement Income Security Act of 1974 preempted ORS 243.303 and barred plaintiff's claim under that statute, *Bova I*, 262 Or App at 48-49; (2) our rejection without discussion of the city's argument that the trial court erred in finding it in contempt of the trial court's orders, *id.* at 49; and (3) our dismissal of the city's appeal from a supplemental judgment for attorney fees related to the ORS 243.303(2) claim because the city had appealed from an invalid and unappealable judgment—a supplemental judgment arising from a limited judgment that was entered before the general judgment, *id.* We also adhere to our conclusion that the trial court erred in allowing plaintiff's age discrimination claim to proceed to trial on the unpleaded theory of disparate impact. *Id.* at 50.

plaintiff, a now-retired employee of the city, with a claim for a determination of rights and duties under ORS 243.303(2). The Act also gives the trial court the power to order "[f]urther relief," which may include an injunction where appropriate. *See* ORS 28.080 ("Further relief based on a declaratory judgment may be granted whenever necessary or proper."); *Ken Leahy Construction, Inc. v. Cascade General, Inc.*, 329 Or 566, 575, 994 P2d 112 (1999) (explaining that "[f]urther relief" available under ORS 28.080 includes an injunction); *see also Swett v. Bradbury*, 335 Or 378, 389, 67 P3d 391 (2003) (noting that, in a proceeding under the Act, "a court has the power to grant equitable remedies," including an injunction, "where appropriate").

But relief under the Act depends on whether plaintiff is entitled to summary judgment on the ground that the city violated ORS 243.303(2). In this case, when it considered plaintiff's summary judgment motion, the trial court understood ORS 243.303(2) to preclude the city from relying "on the cost of insurance coverage as indicating impossibility." (Internal quotation marks omitted.) The trial court viewed the determinative question under the statute as whether the record showed "that other insurance which provides bridge coverage for retirees indisputably is and has been available." Because plaintiff had "solicited evidence from the appropriate City representative that it was, indeed, possible for the City to contract for, or otherwise provide, health benefit insurance for both current employees and retired employees," the trial court granted plaintiff's summary judgment motion.

We adhere to our conclusion in *Bova I* that the trial court erred in granting plaintiff's motion. As we explained, "[t]he trial court ruled that plaintiff could establish that the city violated ORS 243.303(2) by showing that 'insurance which provides bridge coverage for retirees indisputably is and has been available,' and that, to create a genuine issue of material fact, the city had the burden to show that such coverage was not available." 262 Or App at 42. In *Doyle I*, however, the Supreme Court rejected the argument that, "if there are providers available who are willing to provide [health insurance] coverage that includes retirees, the city must provide that coverage, regardless of cost

or other circumstances." 347 Or at 570 (internal quotation marks omitted). The court reasoned that the statute was "not intended to be unduly burdensome," and a local government could present evidence of "factual circumstances that excuse" its obligation under ORS 243.303(2). *Id.* at 576, 579. The court reiterated that view of ORS 243.303(2) in *Doyle II*, explaining that it had earlier rejected the plaintiff's view that

> "a local government could be relieved of its obligation only if providing health insurance to retirees was factually impossible, because the legislature's use of the terms 'insofar as' and 'to the extent possible' emphasize[d] the concept of degree or amount, indicating that the legislature did not view the health insurance coverage obligation as one that necessarily was either 'possible' or 'not possible' 'but rather as a flexible obligation that might be possible only to some degree or to some extent.'"

*Doyle II*, 356 Or at 365 (quoting *Doyle I*, 347 Or at 574).

Because the trial court's understanding of ORS 243.303(2) conflicts with the standard articulated by the Supreme Court in *Doyle I* and *Doyle II*, we reverse and remand for the trial court to reconsider plaintiff's motion for summary judgment on the question of whether the city violated ORS 243.303(2). On remand, the trial court should determine whether there are any disputed issues of material fact and, if not, the trial court should determine whether making healthcare insurance available to its retirees would be unduly burdensome to the city because of cost or other circumstances. If the court determines that the city has violated the statute, the court will have the opportunity to consider whether plaintiff is also entitled to the injunction he seeks.

In A144254, limited judgment reversed and remanded. In A146597, appeal dismissed. In A147477, contempt judgment affirmed; general judgment on claim for age discrimination under ORS 659A.030 reversed; otherwise affirmed.