Submitted on remand from the Oregon Supreme Court April 1, reversed
and remanded on appeal and cross-appeal June 3, petition for review denied
November 12, 2015 (358 Or 248)

Ronald DOYLE;
and Benedict Miller,
*Plaintiffs-Respondents,*
*and*

Robert DEUEL;
and Charles Steinberg,
*Plaintiffs-Respondents*
*Cross-Appellants,*

*v.*

CITY OF MEDFORD,
an Oregon Municipal corporation;
and Michael Dyal,
City Manager of the City of Medford,
in his official capacity and as an individual,
*Defendants-Appellants*
*Cross-Respondents.*

Jackson County Circuit Court
080137L7; A147497

351 P3d 768

Robert E. Franz, Jr., and Law Office of Robert E. Franz, Jr., filed the briefs for appellants-cross-respondents.

Stephen L. Brischetto filed the briefs for respondents and respondents-cross-appellants.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Plaintiffs are retired employees of defendant, the City of Medford. Plaintiffs brought this action against the city, alleging several claims, including a claim that the city had violated ORS 243.303(2), set out below, by failing to make healthcare insurance coverage available to them in their retirement. Plaintiffs sought injunctive relief and damages to compensate them for their additional medical and insurance expenses as well as noneconomic damages and attorney fees.[1] On the parties' motions for summary judgment on the issue of the city's liability for violating ORS 243.303(2), the trial court ruled that the city had violated the statute and granted summary judgment in favor of the two plaintiffs whose ORS 243.303(2) claims were timely filed, Doyle and Miller, and denied the city's motion. The city appealed and we reversed, holding that, contrary to plaintiffs' argument, ORS 243.303(2) does not create a tort-based private right of action. *Doyle v. City of Medford*, 256 Or App 625, 652, 303 P3d 346 (2013) (*Doyle III*).[2]

The Supreme Court allowed review and reversed our decision in part. *Doyle v. City of Medford*, 356 Or 336, 337 P3d 797 (2014) (*Doyle IV*). Although the court upheld our conclusion in *Doyle III* that there is no tort-based private right of action for a local government's violation of ORS 243.303(2), the court held that plaintiffs do have a justiciable claim for declaratory judgment, which encompasses the right to a declaration as to whether the city violated ORS 243.303(2), as well as the right to seek "supplemental relief under ORS 28.080 for any cognizable damages that resulted from a violation of ORS 243.303(2), such as economic damages for the cost of obtaining substitute health insurance." 356 Or at 373. The Supreme Court remanded the case to us and directed us to evaluate the trial court's summary judgment rulings as

---

[1] In addition to their statutory claim, plaintiffs also alleged claims for breach of contract and age discrimination.

[2] In light of our holding regarding the summary judgment motions, we rejected as moot the cross-appeal brought by two of the plaintiffs, Steinberg and Deuel, which asserted that the trial court had erred by dismissing their ORS 243.303(2) claim as untimely. We also held that the trial court had erred by allowing plaintiffs' age discrimination and breach of contract claims to go forward.

if plaintiffs' claim for violation of ORS 243.303(2) had been brought under ORS chapter 28, the Uniform Declaratory Judgments Act. Because, as explained below, we conclude that the trial court applied the wrong legal test when ruling on the parties' motions for summary judgment on the issue of whether the city violated ORS 243.303(2), we reverse and remand on appeal and cross-appeal.

ORS 243.303(2) requires local governments to make healthcare insurance available to their retirees under certain circumstances. It provides:

> "*The governing body of any local government that con-tracts for or otherwise makes available health care insur-ance coverage for officers and employees of the local gov-ernment shall, insofar as and to the extent possible, make that coverage available for any retired employee of the local government who elects within 60 days after the effective date of retirement to participate in that coverage* and, at the option of the retired employee, for the spouse of the retired employee and any unmarried children under 18 years of age. The health care insurance coverage shall be made available for a retired employee until the retired employee becomes eligible for federal Medicare coverage, for the spouse of a retired employee until the spouse becomes eli-gible for federal Medicare coverage and for a child until the child arrives at majority, and may, but need not, be made available thereafter. The governing body may prescribe reasonable terms and conditions of eligibility and coverage, not inconsistent with this section, for making the health care insurance coverage available. The local government may pay none of the cost of making that coverage available or may agree, by collective bargaining agreement or other-wise, to pay part or all of that cost."

(Emphasis added.) The trial court ruled that ORS 243.303(2) requires the city to make healthcare insurance coverage available to its retirees if there is an insurer that will pro-vide the coverage. The trial court rejected the city's argu-ment that it was not possible for it to provide healthcare insurance coverage to its retirees because its chosen insurer did not provide such coverage. It also concluded that the city could not "rely on the cost of insurance as indicating 'impos-sibility.'" The trial court concluded that the city had violated ORS 243.303(2), because "it was apparent from the record

that other insurance which provides bridge coverage for retirees indisputably is and has been available" and because there was "no evidence in the record that the [c]ity was prevented from carrying out its statutory duty[.]"

The trial court's ruling was in error because it was based on an interpretation of ORS 243.303(2) that the Supreme Court subsequently rejected in *Doyle v. City of Medford*, 347 Or 564, 227 P3d 683 (2010) (*Doyle II*). In *Doyle II*, the court rejected the argument that, "if there are providers available who are willing to provide [healthcare insurance] coverage that includes retirees, the city must provide that coverage, regardless of cost or other circumstances." In doing so, the court explained that the legislature did not intend ORS 243.303(2) to be unduly burdensome and that a local government's obligation under the statute can be excused in certain circumstances. 347 Or at 576.

The court reiterated that understanding in its review of this case, in which it noted that a local government's obligation to provide healthcare insurance under ORS 243.303(2) is "qualify[ied.]" *Doyle IV*, 356 Or at 365. As set out above, ORS 243.303(2) provides that a local government that "makes available healthcare insurance coverage for officers and employees of the local government shall, insofar as and to the extent possible, make that coverage available for any retired employee of the local government[.]" The court concluded that, by using the phrase "insofar as and to the extent possible[,]" "the legislature provided 'some flexibility' to local governments in meeting the obligation imposed by ORS 243.303(2)." It explained that in *Doyle II* it had

> "rejected the plaintiff's argument that a local government could be relieved of its obligation only if providing health insurance to retirees was factually impossible, because the legislature's use of the terms 'insofar as' and 'to the extent possible' 'emphasize[d] the concept of degree or amount, indicating that the legislature did not view the health insurance coverage obligation as one that necessarily was either "possible" or "not possible,"' but rather as a flexible obligation that 'might be possible only to some degree or to some extent.'"

*Id.* at 365 (quoting *Doyle II*, 347 Or at 579).

Thus, in this case, the Supreme Court again rejected the argument that ORS 243.303(2) requires a local government to make healthcare insurance coverage available to its retirees unless it is factually impossible to do so, and the Supreme Court reiterated that, in certain circumstances, a local government can be excused from making such coverage available.

The trial court's interpretation of ORS 243.303(2) in this case is the same interpretation rejected by the Supreme Court in *Doyle II* and *Doyle IV* (as well as by this court in *Bova v. City of Medford*, 262 Or App 29, 324 P3d 492, *vac'd and rem'd for recons*, 356 Or 516, 340 P3d 47 (2014)). *See Bova v. City of Medford*, 271 Or App 452, 350 P3d 607 (2015) (on remand from Supreme Court). The trial court erred in granting plaintiffs' motion for summary judgment based on that interpretation. Therefore, we reverse and remand for the trial court to reconsider the parties' motions for summary judgment on the question whether the city violated ORS 243.303(2). On remand, the trial court should determine whether there are any disputed issues of material fact and, if not, the trial court should determine whether making healthcare insurance available to its retirees would be unduly burdensome to the city because of cost or other circumstances. If the court determines that the city has violated the statute, the court will have the opportunity to consider whether plaintiffs are entitled to supplemental remedies permitted by ORS 28.080.

As previously noted, 271 Or App at 460 n 1, on the city's motion for summary judgment, the trial court dismissed plaintiffs Steinberg and Deuel's statutory claim on statute of limitation grounds, and Steinberg and Deuel filed a cross-appeal challenging that ruling. We held that our disposition of the appeal rendered the cross-appeal moot. *Doyle III*, 256 Or App at 652. In light of the Supreme Court's remand for this court to consider plaintiffs' statutory claim as a claim for declaratory judgment, and "for a determination of the other issues that [we] did not reach," *Doyle IV*, 356 Or at 383, we consider whether the trial court erred in dismissing Steinberg and Deuel's statutory claim based on the statute of limitations.

The general rule when declaratory relief is sought as an alternative to other appropriate and otherwise available relief is that the relevant limitation period for the declaratory judgment suit should be based on that of the underlying grounds for relief. *Brooks v. Dierker*, 275 Or 619, 623, 552 P2d 533 (1974). Here, the trial court reasoned that the governing statute of limitations is that set forth in ORS 30.275(9), which applies to claims under the Oregon Tort Claims Act:

> "Except as provided in ORS 12.120, 12.135 and 659A.875, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

The trial court determined that, because ORS 243.303 requires an individual to elect to participate in the coverage "within 60 days after the effective date of retirement," the very latest date on which plaintiffs could have discovered their injury was 60 days after their retirement. Both plaintiff Steinberg and Deuel retired in 2003 and did not bring their claims within two years of the expiration of that 60-day window; hence, the trial court concluded that the claims were untimely.

But here, the Supreme Court has held that there is no form of relief in this action other than a declaratory judgment action and that the action should be treated as a declaratory judgment action. 356 Or 372-73, 383. Accordingly, this action is not brought as "an alternative to other appropriate and otherwise available relief." *Brooks*, 275 Or at 623. There is no statute of limitations otherwise applicable to declaratory judgment actions.[3] In this context, we conclude that the general residual ten-year limitation set forth in ORS 12.140 is applicable. *State ex rel Adult & Fam. Ser. v. Bradley*, 58 Or App 663, 670, 650 P2d 91 (1982), *aff'd*, 295 Or 216, 666

---

[3] In *Comcast of Oregon II, Inc. v. City of Eugene*, 346 Or 238, 251, 209 P3d 800 (2009), the court held that an action for declaratory judgment does not assert liability for a tort and is therefore not subject to the notice provisions of the Oregon Tort Claims Act.

P2d 249 (1983) (ORS 12.140 is the statute of limitations for a declaratory judgment action to which no other statute of limitations applies.).[4] Steinberg and Deuel filed their claim well within that period. We therefore conclude that the trial court should not have dismissed their statutory claims on statute of limitations grounds.

Reversed and remanded on appeal and on cross-appeal.

---

[4] ORS 12.140 provides:

"An action for any cause not otherwise provided for shall be commenced within 10 years."