Argued and submitted January 19, reversed and remanded September 9, 2021

In the Matter of the Trust of Gregory Bonome.

Crystal Bonome DIENS,
*Plaintiff-Appellant,*

*v.*

Dolores M. BONOME
and Patricia J. Bonome,
*Defendants-Respondents.*

Clackamas County Circuit Court
19PB05638; A173193

499 P3d 846

In this dispute over an alleged trust, petitioner appeals a general judgment that dismissed with prejudice her breach-of-fiduciary-duty claim against her grandmother and her aunt. The trial court granted summary judgment for respondents on the basis that petitioner's claim was time-barred by the statute of limitations. Relying on the discovery rule, petitioner argues that a genuine issue of material fact exists as to when the statute of limitations began running. *Held*: The trial court erred in dismissing petitioner's claim on summary judgment on statute-of-limitations grounds. On this record, there was a genuine issue of material fact as to when petitioner knew or in the exercise of reasonable care should have known facts that would make a reasonable person aware of a substantial possibility that each element of her claim existed.

Reversed and remanded.

Susie L. Norby, Judge.

Donel Courtney argued the cause and filed the briefs for appellant.

Kevin O'Connell argued the cause for respondents. Also on the brief was Hagen O'Connell & Hval LLP.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Reversed and remanded.

**AOYAGI, J.**

Petitioner appeals a general judgment that dismissed with prejudice her claim for breach of fiduciary duty. The trial court granted summary judgment for respondents on the basis that petitioner's claim was time-barred by the statute of limitations. We agree with petitioner that there is a genuine issue of material fact as to when the statute of limitations started running and, accordingly, reverse and remand.

### FACTS

We view the record in the light most favorable to petitioner, to determine whether there was a genuine issue of material fact and, if not, whether respondents were entitled to judgment as a matter of law. ORCP 47 C. We state the facts accordingly.

Petitioner's father Gregory died in 1985, at age 28, when petitioner was six years old. Petitioner's paternal grandfather Harry died six years later, in 1991, when petitioner was 13 years old. Under Harry's will, petitioner was entitled to a share of Harry's estate, to be held in trust until she reached age 25. In 2004, after she turned 25, petitioner received $60,905.31 from Harry's estate, which she withdrew that same year.[1] Petitioner never received anything from her father's estate.

In October 2018, petitioner's younger brother found their father's will and showed it to petitioner. The will provided that Gregory's personal property would go to Harry, but that Gregory's real property would go into trust for the maintenance, support, and education of petitioner and her brother, until petitioner reached age 21, at which point it would be distributed equally between petitioner and her brother.

In May 2019, petitioner filed this action against her grandmother Dolores and her aunt Patricia, asserting

---

[1] In its written opinion, the trial court stated that petitioner "received a CD with $72,855.77 in inheritance funds" in 1997, of which she withdrew $60,905.31 in 2004. The court appears to have misread a certain document in the record. In any event, we state the facts in the light most favorable to the nonmoving party.

a single claim for breach of fiduciary duty. Upon Harry's death in 1991, Dolores had become the personal representative of both Gregory's estate (which closed in 1994) and Harry's estate (which closed in 1995), as well as the trustee of Harry's trust and, to the extent one existed, Gregory's trust. Patricia has had power of attorney for Dolores since 2003.

Petitioner alleges that respondents misrepresented to her that her father died insolvent and that they hid from her his will and the trust that it created. Respondents deny the allegations, asserting that Gregory died insolvent and that all of his real estate interests were sold to satisfy his debts, such that no trust ever came into being.

Respondents moved for summary judgment on petitioner's claim, both on the merits and on statute-of-limitations grounds. The trial court granted summary judgment on statute-of-limitations grounds. The court then entered a general judgment dismissing petitioner's claim with prejudice. Petitioner appeals.

## STATUTE OF LIMITATIONS

Petitioner assigns error to the summary judgment ruling. She contends that a genuine issue of material fact exists as to whether her claim is time barred.

As a preliminary matter, we understand the trial court to have ruled based solely on the statute of limitations. In moving for summary judgment, respondents invoked in general terms both "the statute of limitations" and "the statute of ultimate repose," without citing any specific statutes. Petitioner, who was then *pro se*, also did not mention any specific statutes, but she focused entirely on the discovery rule, which necessarily is relevant only to a statute of limitations. In granting summary judgment, the trial court expressly relied on two statutes—the 10-year statute of limitations in ORS 12.140 ("An action for any cause not otherwise provided for shall be commenced within 10 years.") and the 10-year statute of limitations in ORS 12.070 ("An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States *** shall be commenced within 10 years.")—both of which the trial court

correctly described as statutes of limitations.[2] Because the trial court ruled solely on statute-of-limitations grounds, we do not consider respondents' continued passing references to an unspecified "statute of repose," nor do we address petitioner's argument that no statute of repose applies. The only issue before us is the statute of limitations.

Turning to the statute of limitations, we immediately confront the fact that respondents have never clearly identified the specific statute of limitations that they believe bars petitioner's claim. As already mentioned, respondents did not base their motion on any specific statute of limitations, and petitioner focused entirely on the discovery rule in opposing the motion. Left to its own devices, the trial court relied on ORS 12.140 and ORS 12.070, without explanation. On appeal, petitioner, who now has counsel, argues that the correct statute is ORS 12.110(1), which imposes a two-year limitations period, subject to the discovery rule for actions based upon fraud and deceit, and which applies to both breach of fiduciary duty and fraud claims.[3] *See* ORS 12.110(1) (applicable to an action "for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter"); *McLean v. Charles Ellis Realty, Inc.*, 189 Or App 417, 424-25, 76 P3d 661 (2003), *rev den*, 337 Or 34 (2004) (applying ORS 12.110(1) to fraud and breach of fiduciary duty claims).

In response, respondents address the statute of limitations only briefly, and they have not articulated a consistent position. They mention ORS 12.140 once in their answering brief, without explaining why it would apply. Enigmatically, they have attached as an appendix to their brief a copy of ORS 130.820—which imposes a six-year limitations period, subject to the discovery rule, for "a civil action against a trustee based on any act or omission of the trustee, whether based in tort, contract or other theory of recovery"—a statute that is not mentioned anywhere in

---

[2] *See, e.g.*, *Friedman v. Doak*, 276 Or 1001, 1004, 557 P2d 237 (1976) (ORS 12.070 is a statute of limitations); *Doyle v. City of Medford*, 271 Or App 458, 464-65, 351 P3d 768, *rev den*, 358 Or 248 (2015) (ORS 12.140 is a statute of limitations).

[3] Petitioner pleaded a single claim for breach of fiduciary duty, containing allegations of fraud and deceit. The trial court at one point referred to the claim as a "fraud claim," and petitioner herself describes it on appeal as a fraud claim.

their brief and that was not raised in the trial court. And, when pressed at oral argument as to which statute of limitations they believe applies, they agreed that ORS 12.110(1) applies, but only to petitioner's "fraud claim."[4]

In these most unusual circumstances, we decline to conclusively resolve which statute of limitations applies. We agree with petitioner that ORS 12.070 does not apply, because this is not an action "upon a judgment or decree." *See Newhouse v. Newhouse*, 271 Or 109, 112, 530 P2d 848 (1975) (demonstrating application of ORS 12.070). We also agree with petitioner that ORS 12.140 does not apply, because it applies only to a cause "not otherwise provided for," and, if nothing else, ORS 12.110(1) would apply to a breach of fiduciary duty or fraud claim. *See Doyle v. City of Medford*, 271 Or App 458, 464, 351 P3d 768, *rev den*, 358 Or 248 (2015) (recognizing ORS 12.140 as the "residual" statute of limitations). Having excluded those two statutes as the applicable statute of limitations, however, we need not conclusively decide whether the statute of limitations that actually applies is ORS 12.110(1)—or, for example, ORS 130.820(1)—because our disposition would be the same, given the discovery rule and this particular summary judgment record, whether the period was two years or six years.[5]

We turn to the discovery rule. In opposing summary judgment, petitioner relied on the discovery rule, arguing that her claim was not time barred because she did not discover the alleged breach of fiduciary duty (or fraud) until October 2018, when her brother found their father's will, and filed her claim only seven months later. The trial court

---

[4] Respondents seem to have been suggesting that petitioner's pleaded claim should be split into fraud and nonfraud components for statute-of-limitations purposes. If so, we do not consider that argument, both because it was not made to the trial court and because it is undeveloped on appeal. *See Bazzaz v. Howe*, 262 Or App 519, 529, 325 P3d 775, *rev den*, 356 Or 397 (2014).

[5] We address ORS 12.070 and ORS 12.140 only because it is unclear—and no one has briefed—if or when the discovery rule would apply to those statutes. Although petitioner did not cite a specific statute of limitations to the trial court after respondents failed to do so, she did preserve her argument that the applicable statute is one that is subject to the discovery rule, which satisfies us that it is appropriate to address the two statutes that the court ended up applying, at least in these circumstances.

rejected that argument. The court agreed that the statute of limitations did not start running until at least October 2, 1996, when petitioner reached age 18. However, it concluded that the very *latest* that petitioner should have discovered the alleged breach or fraud was in 2004. In the court's view, petitioner's 2004 withdrawal of funds that she inherited from her grandfather "prove[d] conclusively that [p]etitioner knew the estates had been probated and knew that she was an heir with an interest in the estate assets."

Under the discovery rule, the statute of limitations began to run on petitioner's claim when petitioner knew " 'or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility that each of the three elements of a claim (harm, causation, and tortious conduct) exist[ed].' " *McLean*, 189 Or App at 424-25 (quoting *Gaston v. Parsons*, 318 Or 247, 256, 864 P2d 1319 (1994)) (brackets omitted). "The standard does not require actual knowledge that each element of a claim is present; rather, the record must demonstrate that the plaintiff either actually discovered or, in the exercise of reasonable care, should have discovered that the defendant had violated the plaintiff's legally protected interest." *Id.* at 425. "[T]he facts that a plaintiff must have discovered or be deemed to have discovered include not only the conduct of the defendant, but also *** the tortious nature of that conduct." *Doe v. Lake Oswego School District*, 353 Or 321, 331, 297 P3d 1287 (2013).

"[T]he discovery rule applies an objective standard—how a reasonable person of ordinary prudence would have acted in the same or a similar situation." *Padrick v. Lyons*, 277 Or App 455, 466, 372 P3d 528, *rev den*, 360 Or 26 (2016). In assessing whether a plaintiff acted diligently to discover the relevant facts, the factfinder may consider "[t]he nature of the plaintiff's relationship with the defendant." *Id.* "Whether a plaintiff has discovered an injury generally presents a factual question for the jury, but the question is susceptible to judgment as a matter of law if the only conclusion a reasonable jury could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter." *Id.* (internal quotation marks omitted).

Thus, in reviewing the trial court's ruling, we ask: Does the record give rise to a triable issue of fact as to whether, more than two (or six) years before petitioner filed her claim, petitioner knew, or in the exercise of reasonable care should have known, facts that would have made a reasonable person aware of a substantial possibility that respondents had breached a fiduciary duty to petitioner (or committed fraud) and that a financial loss had resulted to petitioner? *See id*. at 467-68 (framing the question).

We agree with petitioner that there is a triable issue of fact on this summary judgment record as to when the statute of limitations began running. In so concluding, we emphasize that the burden of proof was on respondents to prove their affirmative defense, such that a failure of proof cuts in petitioner's favor. *See T. R. v. Boy Scouts of America*, 344 Or 282, 299, 181 P3d 758 (2008) ("The statute of limitations is an affirmative defense, and the [defendant] had the burden of persuasion on that issue."); *Riverview Condo. Assn. v. Cypress Ventures (A150586)*, 266 Or App 574, 591, 339 P3d 447 (2014) (recognizing that statutes of limitation and repose are affirmative defenses, that the defendants therefore had the burden of persuasion on their statute-of-repose defense, and that "an absence of evidence" on a fact issue material to the defense would prevent summary judgment for the defendants on the defense).

As for the court's specific reasoning, we disagree that petitioner's 2004 withdrawal established the latest date, as a matter of law, by which petitioner should have discovered her claim. Petitioner withdrew funds that she inherited from her grandfather Harry. On this record, we do not see how receiving funds from *Harry's* estate would have tipped off petitioner—acting as a reasonable person exercising reasonable care—of a potential breach of fiduciary duty in the administration of her father Gregory's estate.

We therefore conclude that the trial court erred in granting summary judgment for respondents based on the statute of limitations.

## ALTERNATIVE BASIS TO AFFIRM

As an alternative basis to affirm, respondents argue that, even if they were not entitled to summary judgment on

the statute of limitations, they were entitled to summary judgment on the merits of petitioner's claim. Respondents essentially argue that petitioner failed to identify any specific real property that should have gone into trust for her and her brother.

Because respondents made the same argument to the trial court, it is properly before us. Moreover, alternative bases for summary judgment that were raised but not decided below are generally well-suited to resolution on appeal, insofar as the propriety of summary judgment presents purely a question of law. There is a procedural wrinkle in this case, however, that leads us to decline to decide the alternative basis for summary judgment in the first instance on appeal.

During the summary judgment proceeding, petitioner asked the trial court to compel discovery from respondents, particularly tax documents. The trial court did not rule on the discovery issue, calling it "moot" after ruling on the statute of limitations. The discovery issue is no longer "moot" given our disposition. Moreover, the court made certain statements suggesting that it was at least considering ordering a continuance for discovery purposes before ruling on summary judgment on the merits of petitioner's claim. *See* ORCP 47 F (permitting the trial court to deny a summary judgment motion or order a continuance so that, among other things, discovery may be had, upon an appropriate showing). For example, the court said in the summary judgment hearing that, if the case was not dismissed based on the statute of limitations, "then there are questions about the demand for those missing tax records." In its letter opinion on summary judgment, the court also described petitioner as arguing that "the court must compel the moving party to conduct more discovery and investigation to unearth historical documents that could support Petitioner's claim, if found."

We express no opinion on whether the trial court should grant a continuance or compel discovery. Given the court's statements, however, we will not foreclose the opportunity for it to exercise discretion. *See Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 498 P3d 850 (2021) (describing

circumstances in which we will remand rather than decide an issue in the first instance on appeal). We leave it to the trial court to address respondents' alternative basis for summary judgment.

Reversed and remanded.