No. 378 April 30, 2025 185

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Alan Lloyd KESSLER,
*Plaintiff-Respondent,*

*v.*

CITY OF PORTLAND,
an Oregon municipal corporation,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CV43134; A173351

Shelley D. Russell, Judge.

Argued and submitted March 31, 2022.

Denis M. Vannier argued the cause and filed the reply brief for appellant. On the opening brief was YoungWoo Joh.

Tim Cunningham argued the cause for respondent. Also on the brief was Davis Wright Tremaine LLP.

Edward A. Piper and Angeli Law Group LLC filed the brief *amicus curiae* for American Civil Liberties Union of Oregon, Inc.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

This case arises from a public records request that plaintiff made to defendant, the City of Portland. Plaintiff brought an action seeking declaratory and injunctive relief, alleging that the city violated the Oregon Public Records Act by charging fees that both exceeded the costs of fulfilling the request and that were not reasonably calculated to reimburse the city for its actual costs of providing the records. Bringing two assignments of error, the city now appeals from the general judgment enjoining it from charging excessive fees for routine searches and from a supplemental judgment awarding plaintiff approximately $58,000 in attorney fees. We conclude that the city's challenge to the issuance of the injunction is unpreserved, and we decline to review for plain error because it is at least not obvious that the trial court erred, either procedurally or substantively, in entering the injunction. We further conclude that the trial court did not abuse its discretion when it considered the injunction when determining the amount of attorney fees to award to plaintiff. Accordingly, we affirm.

## I.    FACTUAL BACKGROUND

The relevant facts are undisputed and largely procedural. In August 2018, plaintiff made a public records request to the city. Initially, the city denied the request, and plaintiff appealed that denial to the Multnomah County District Attorney. *See* ORS 192.415(1)(a) (providing that the district attorney of the county in which the public body is located shall review the public body's denial of a request when the public body is not a state agency). The district attorney granted the petition in part and ordered the city to produce the records subject "to the payment of fees, if any, not to exceed the city's actual cost in producing the records." The city then prepared a "worst-case estimate" of cost to produce the records. Plaintiff paid the cost estimate, and the city conducted the records search. Shortly thereafter, the city revised the cost estimate to review and screen the records, and plaintiff paid the increased estimate.

About a month after the district attorney ordered the city to produce the records, plaintiff—who had not yet

received the records—filed suit alleging that the city had violated the Oregon Public Records Act. In his complaint, plaintiff sought declaratory and injunctive relief, including a request that the trial court "[i]ssue an order declaring that the City's methods for calculating fees for routine email and document searches are unlawful" and "[i]ssue an order enjoining the City from charging excessive fees for routine email and document searches." Three days after plaintiff filed the lawsuit, the city produced most of the records to plaintiff.[1] The city also proffered a $52 check to plaintiff, which the city explained was the amount that it believed it overcharged plaintiff in producing the records.

The lawsuit proceeded to a bench trial. At trial, plaintiff asserted, among other arguments, that the city's search fees had substantially exceeded the cost of staff time spent to fulfill the request and that the fees were not reasonably calculated to reimburse the city for its actual costs of producing the records. Ultimately, the trial court issued a general judgment, which included findings and an order:

"4. The City DID violate the District Attorney's order in part by charging Plaintiff more than what was necessary to recover the City's actual costs of retrieval and production.

"5. The City's current method for determining fees for routine email and document search, including providing a 'worst case estimate' IS NOT reasonably calculated to reimburse it for its actual cost of making the records available and results in overcharging the public records requester without providing a method to refund of any overcharges.

"* * * * *

"1. The City is enjoined from charging excessive fees for routine email and document searches.

"* * * * *

"3. Because the City violated the District Attorney's order in part, pursuant to ORS 192.431(3) Plaintiff is entitled to petition the Court for recovery of his attorney fees and costs incurred in pursuit of this matter. The Court will determine whether and what portion of fees upon

---

[1] The record demonstrates that the city did not produce at least one requested document at that time. However, the city's response is not at issue in this appeal.

> consideration of Plaintiff's petition and Defendant's objections thereto, pursuant to the procedure of UTCR 5.080 and ORCP 68 and to be set forth in a Supplemental Judgment(s) against Defendant."

(Capitalization in original.)

Following the entry of the general judgment, the court received briefing about attorney fees and costs. After considering the factors set out in ORS 20.075 (2019), *amended by* Or Laws 2021, chapter 325, section 1; Or Laws 2023, chapter 72, section 32, the trial court entered a supplemental judgment awarding plaintiff $57,900.35 in attorney fees, $3,052.74 in costs, and $105.00 as a prevailing party fee.

While the parties litigated attorney fees, plaintiff filed a notice of appeal, and the city cross-appealed. The city later amended its notice of appeal to include an appeal of the supplemental judgment awarding costs and attorney fees. Plaintiff subsequently moved to dismiss his appeal, and the court granted that dismissal. What remains is the city's cross-appeal of the general judgment and appeal of the supplemental judgment.

## II.  ANALYSIS

On appeal, the city advances two assignments of error challenging the trial court's (1) injunction on charging excessive fees for routine email and document searches and (2) award of attorney fees. In its first assignment of error, the city advances a two-part argument. First, the city contends that the trial court erred because it issued the injunction without following the procedures set out in ORS 28.080. Second, the city asserts that the trial court erred because the record does not support an injunction as a matter of law. Acknowledging that it did not preserve either argument, the city contends that it was excused from the preservation requirement and, alternatively, asks us to review for plain error. In its second assignment of error, which is preserved, the city argues that the court abused its discretion when it considered that plaintiff had obtained injunctive relief as part of its determination of how much to award plaintiff in attorney fees.

A.  *Whether the Trial Court Erred in Granting an Injunction*

    1.  *Standard of review*

        The city's first assignment of error concerns an equitable matter: the trial court's grant of injunctive relief. *See Division of State Lands v. Norris*, 182 Or App 547, 551, 50 P3d 595 (2002) (explaining that the "critical inquiry in deciding if a matter is one at law or in equity is the relief sought"). Although we have discretion to review an appeal in an equitable action *de novo*, the parties have not requested that we review *de novo*, and we decline to do so because this is not an exceptional case where *de novo* review would be appropriate. *See* ORS 19.415(3)(b) (providing that "[u]pon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record"); ORAP 5.40(8)(c) (explaining that we exercise *de novo* review "only in exceptional cases"); *see also* ORAP 5.40(8)(d) (outlining nonexclusive list of criteria relevant to the exercise of discretionary authority to review *de novo*). Accordingly, we are bound by the trial court's factual findings if they are supported by any evidence in the record and review the trial court's legal conclusions for errors of law. *Eagles Five, LLC v. Lawton*, 250 Or App 413, 415 n 2, 280 P3d 1017 (2012).

    2.  *Preservation*

        We begin with the issue of preservation. The city acknowledges that it did not preserve its arguments on appeal challenging the injunction but contends that it was excused from the preservation requirement because it did not have a meaningful opportunity to object to the injunction that the trial court entered. In the alternative, the city requests that we conduct plain-error review. Plaintiff agrees that the city did not preserve its objection to the injunction but contends that the city is not excused from the preservation requirement and that, in any event, the court should decline to review the claim for plain error.

        As an initial matter, we agree with the parties that the city failed to preserve its first assignment of error, and we further conclude that the preservation requirement is

not excused because this is not an instance where the city had no practical ability to object. *See State v. Skotland*, 372 Or 319, 329, 549 P3d 534 (2024) (explaining that "the winds of preservation can be gauged by looking to the weathervane of trial court surprise: Would the trial court be taken aback to find itself reversed on this issue, for this reason?" (emphasis omitted)); *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) (observing that, in some instances, "the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue"). The city had notice that plaintiff sought injunctive relief—given that plaintiff sought injunctive relief in his complaint, trial memo, and opening statement—and the city referred to plaintiff's claim for injunctive relief in its closing argument. In particular, plaintiff described the declaratory and injunctive relief he sought in his trial memo, including a request for "[a]n Order enjoining the city from charging public records requestors fees in excess of the actual cost incurred, and requiring the City to issue refunds when refunds are due." The city could have alerted the court to the procedure that it believed was necessary before granting plaintiff's requested relief, and it could have addressed the merits of the request.[2]

Moreover, this is unlike the situation in *State v. Keene*, 317 Or App 19, 23, 505 P3d 418 (2022), in which we excused the preservation requirement when "the trial court's verdict was a surprise that [the] defendant had no reason to anticipate" and when the defendant had no practical ability to raise the issue at the time of the verdict and there was no procedure available to raise it later. Here, in addition to having had the opportunity to respond to plaintiff's request for the injunction, after the trial court issued its letter opinion, the city could have filed objections to the trial court's decision to grant an injunction, which would have given plaintiff an opportunity to respond and for the court

---

[2] After the court entered the general judgment, the city belatedly raised an argument on the trial court's authority to issue an injunction. In its objection to plaintiff's request for attorney fees and costs, the city argued that the trial court could not enjoin the city to comply with the law. *See, e.g.*, *Swett v. Bradbury*, 335 Or 378, 389, 67 P3d 391 (2003) (observing that courts "would assume that the responsible state officials would honor the court's declaration without the necessity of an accompanying injunction"). The city does not rely on that portion of the attorney-fee argument to contend that it preserved its arguments on appeal. Accordingly, we do not address it further.

to consider the procedural argument that the city advances on appeal. Thus, given the circumstances presented by this case, we reject the city's argument that the preservation requirement should be excused.

Having rejected the city's contention that it should be excused from the preservation requirement, the city is entitled to a reversal only if we find "plain error" and decide to exercise our discretion to consider it. The first step in a plain-error analysis is to determine whether the claimed error is "plain." For a claimed error to be "plain," the error must be one of law, obvious and not reasonably in dispute, and appear on the record. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those requirements are satisfied, the second step is to decide whether to exercise discretion to consider and correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

As explained below, we conclude that it is not plain that the trial court erred when it granted injunctive relief simultaneously with declaratory relief without following the procedure outlined by ORS 28.080, because it is not obvious that injunctive and declaratory relief cannot be granted simultaneously, nor is it obvious that ORS 28.080 is applicable in this case. Further, the trial court did not plainly err in issuing the injunction, because it is not obvious that the record does not support the injunction.

3.   *It is not plain that ORS 28.080 applies to these circumstances.*

We begin with a brief overview of the statutory framework surrounding ORS 28.080. ORS 28.080 is part of a suite of statutes called the Uniform Declaratory Judgments Act (UDJA). *Courter v. City of Portland*, 286 Or App 39, 51, 398 P3d 936 (2017) ("When it promulgated the Declaratory Judgments Act, the legislature adopted the Uniform Declaratory Judgments Act."); ORS 28.010 - 28.160 (codifying the UDJA in Oregon statute); ORS 28.160 (providing short title). A majority of states have adopted some version of the UDJA, which is itself derived from the federal Declaratory Judgments Act, 28 USC §§ 2201, 2202. *See* H. H. Henry, Annotation, *Construction, application, and effect of § 11 of the*

*Uniform Declaratory Judgments Act that all persons who have or claim any interest which would be affected by the declaration shall be made parties*, 71 ALR2d 723, § 1 (1960) (observing "since 1923 the act has been adopted, at least substantially, in a majority of the states"); *Samuel v. Frohnmayer*, 308 Or 362, 365-66, 779 P2d 1028 (1989) (explaining that Oregon's declaratory judgments act was based on the UDJA, which was in turn based on the federal Declaratory Judgments Act).

The UDJA provides courts with the authority to issue declaratory rulings whether or not further relief is or could be claimed. *See* ORS 28.010 (providing that the courts have the power to declare "rights, status, and other legal relations, whether or not further relief is or could be claimed" and preventing objections on the ground that a declaratory judgment is prayed for). The UDJA, however, also contains a "supplemental relief" provision, *i.e.*, a "further relief" provision, codified as ORS 28.080. ORS 28.080 provides:

> "Further relief based on a declaratory judgment may be granted whenever necessary or proper. The application thereof shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause why further relief should not be granted forthwith."

"Further relief" refers to coercive relief such as an injunction, damages, specific performance, and other orders of execution. *See Ken Leahy Construction, Inc. v. Cascade General, Inc.*, 329 Or 566, 572, 994 P2d 112 (1999) (citing Edwin Borchard, *Declaratory Judgments*, 441, 441 n 71 (2d ed 1941)).

As an initial matter, we set out what is not in dispute. There is no dispute that ORS 28.080 applies after a declaratory judgment has issued. Nor is there any dispute that ORS 28.080 authorizes the grant of further relief during the same proceeding or action as declaratory relief. As a first step in determining whether the trial court plainly erred in not applying the procedure in ORS 28.080 outlined above, we must determine whether it is obvious and not reasonably in dispute that ORS 28.080—which applies to a petition for

"further relief"—applies when declaratory and injunctive relief are sought in the initial complaint together. Thus, we consider Oregon case law interpreting and applying ORS 28.080, as well as persuasive authority from jurisdictions interpreting and applying their enactments of the UDJA and its federal analog. *See* ORS 28.150 (providing that "[t]his chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments").

We begin with a review of Oregon law. There are many examples of ORS 28.080 applying after a court has granted declaratory relief, *i.e.*, cases explaining that a party can seek, and the court may grant, supplemental relief after the court has declared the parties' rights. *See, e.g.*, *Aspgren v. City of Columbia City*, 34 Or App 991, 1002 n 3, 581 P2d 536 (1978) (explaining that, under ORS 28.080, the appropriate procedure for the trial court is "to enter the judgment declaring the rights of the parties, and leave it up to the party seeking relief supplementing the judgment to apply to the court for supplemental relief"); *Doyle v. City of Medford*, 271 Or App 458, 463, 351 P3d 768, *rev den*, 358 Or 248 (2015) (observing that, if "the court determines that the city has violated the statute, the court will have the opportunity to consider whether [the] plaintiffs are entitled to supplemental remedies permitted by ORS 28.080").

It is unclear, however, whether ORS 28.080 applies when a party seeks both declaratory and injunctive relief in its original complaint. There are at least two examples in which an appellate court affirmed a case where declaratory and injunctive relief were sought and issued simultaneously without following the processes set out in ORS 28.080. *See Ken Leahy Construction, Inc.*, 329 Or at 575 (affirming the trial court's grant of relief, which "embodied both a declaration of contractual rights under ORS 28.020 and a request for 'further relief' under ORS 28.080," when the further relief was an injunction);[3] *Eugene Water & Electric Board v. Miller*,

---

[3] ORS 28.080 has since been amended, but in only a technical way. *See* Or Laws 2003, ch 576, § 306 (changing "declaratory judgment or decree" to "declaratory judgment" in two places).

290 Or App 721, 729, 417 P3d 456 (2018) (affirming the trial court's grant of summary judgment, which included a declaration of the plaintiff's rights and a permanent injunction, and reasoning that "the court had authority to award supplemental relief 'whenever necessary or proper'" under ORS 28.080). Both those cases noted that the trial court had authority to issue further relief under ORS 28.080, and importantly, both cases affirmed the respective judgments—which simultaneously granted declaratory relief and an injunction—without any discussion as to whether the procedure in ORS 28.080 was followed. Consequently, because the trial courts in those cases did not follow the procedure set out in ORS 28.080, it is unclear whether the reviewing courts intended for ORS 28.080 to apply in those cases. Thus, those cases do not answer the questions presented here.

Although Oregon law does not squarely answer the questions in this case, the legislature has directed that we consider other jurisdictions' interpretations of the UDJA when we interpret Oregon's version of that uniform act. ORS 28.150 (providing that the chapter shall be "interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it"); *see also Dept. of Human Services v. J. S.*, 368 Or 516, 528, 495 P3d 1245 (2021) (observing that the context of uniform acts includes its official commentary and that a court considers "instructive case law from other uniform-law jurisdictions" (internal quotation marks omitted)); *see also State v. Hubbell*, 371 Or 340, 354, 537 P3d 503 (2023) (explaining that, for purposes of a uniform act adopted by the legislature, "the context of the statute includes the uniform act, its official commentary, and interpretations from other jurisdictions that existed at the time of enactment of the Oregon law").

Courts in other jurisdictions generally specify that their supplemental relief statute is inapplicable when a party has requested both declaratory and nondeclaratory relief in their complaint. *See, e.g.*, *Declaratory Judgments*, 22A Am Jur 2d § 256 (2025) ("A supplemental relief provision requiring an order to show cause applies when additional relief is requested, after a declaratory judgment has been granted, in order to supplement or enforce the declaratory

judgment, and does not apply where the nondeclaratory relief is requested in the original complaint together with the declaratory relief."); *State ex rel. Bardacke v. N. M. Fed. Sav. & Loan Ass'n*, 102 NM 673, 675, 699 P2d 604, 606 (1985) (explaining that the supplemental relief statute "does not apply, as in this case, where the non-declaratory relief is requested in the original complaint together with declaratory relief" and that "[t]he trial court may properly grant declaratory and nondeclaratory relief in a single action when such relief is requested in the pleadings by the parties"); *Funke v. Aggregate Constr., Inc.*, 863 NW2d 855, 861 (N. D. 2015) (concluding that the supplemental relief provision is not applicable when "the nondeclaratory supplemental relief is requested in the original complaint together with the declaratory relief"); *Knox v. Wolfe*, 73 Cal App 2d 494, 506, 167 P2d 3, 10 (1946) (observing that, because "the injunction is a part of the final judgment which adjudicated all of the rights of the parties, a notice or an order to show cause required before the issuance of an injunction, if issued prior to trial * * * was unnecessary").

In light of the lack of Oregon cases addressing the topic and the persuasive value of other jurisdictions' interpretation of their supplemental relief statute, it is at least not obvious that ORS 28.080 applies when declaratory and further relief are sought in tandem in the original complaint. As such, it is not obvious that it was error for the trial court to grant declaratory relief and an injunction simultaneously and without following the processes set out in ORS 28.080. Because the claimed error is not obvious in this case, it does not satisfy all three requirements of the first step of plain-error review, and we may not review it.[4]

4.  *It is not plain that the record does not support the injunction.*

The second part of the city's first assignment of error—that the trial court erred in issuing the injunction because the record did not support the injunction as a

---

[4] As part of its argument that the trial court committed procedural error in issuing the injunction, the city contends that the injunction prejudiced the city because it is vague and overbroad. Because we do not review the issuance of the injunction for plain error, and because the city does not raise that argument as a separate assignment of error, we do not address it here.

matter of law—is also unpreserved and not excused from the preservation requirement. Although the city posits that the issue is appropriate for plain-error review, we do not review for plain error because, after having reviewed the record, we conclude that it is not obvious and beyond dispute that the evidence does not support an injunction enjoining the city from "charging excessive fees for routine email and document searches."

An injunction is an extraordinary remedy, to be granted only on clear and convincing proof of irreparable harm when there is no adequate legal remedy. *Eagles Five, LLC*, 250 Or App at 422. Whether or not an injury is irreparable depends, not upon the magnitude of the injury, but upon the completeness of a remedy at law and whether it cannot be adequately compensated in damages. *Winslow v. Fleischner et al.*, 110 Or 554, 563, 223 P 922 (1924). Purely economic harm is not irreparable harm. *Oregon Restaurant Services v. Oregon State Lottery*, 199 Or App 545, 563, 112 P3d 398, *rev den*, 339 Or 406 (2005). Moreover, to qualify for an injunction, the conduct to be enjoined must be probable or threatened. *Eagles Five, LLC*, 250 Or App at 422. An injunction may not be granted merely to allay the fears and apprehensions of an individual. *Id.*

Having reviewed the record, we conclude that it is not obvious that the trial court erred in issuing the injunction. The city caused noneconomic harm when it predicated access to the public records on payment of a fee that failed to conform to the statutory parameters for fee setting. That fee structure interfered with the right to access public records. To be plain error for the court to issue the injunction, it would have to be obvious that such harm was not irreparable and obvious that there was an adequate legal remedy for the harm. The city has not demonstrated either of those factors. *See* ORS 192.324(4)(a) (providing that a "public body may establish fees reasonably calculated to reimburse the public body for the public body's actual cost of making public records available"); *Kluge v. Oregon State Bar*, 172 Or App 452, 455, 19 P3d 938 (2001) (explaining that the "guiding principle in Oregon is to protect the public's right to inspect public records").

Furthermore, it is not obvious that the enjoined conduct is not probable or threatened. The record supports the trial court's finding that the city had not shown that its existing method of calculating fees was reasonably calculated to reimburse the city for the actual cost of making public records available. There is evidence in the record that the city was in the process of reforming some aspects of that noncompliant fee-assessment process. Specifically, the evidence demonstrates that the city was in the process of putting in place a mechanism to refund overpayments and was in the process of filling a newly created staff position so that in the future, staff paid at a lower rate than existing personnel could fulfill public records requests. There was also evidence that the city intended to grant more fee waivers or waive the fee for a portion of the time required to fulfill a request; however, the city acknowledged that it could not definitively represent if or when those measures would be implemented. Therefore, although the city was—at the time of the underlying trial—in the process of reforming its fee-collection process, it had not yet accomplished those reforms. Evidence of the city's intentions and progress is not enough to render it obvious for purposes of plain-error review that the enjoined conduct is not probable or threatened. As such, we conclude that the trial court did not plainly err when it granted the injunctive relief.

B.   *The trial court did not abuse its discretion in awarding attorney fees.*

Lastly, we address the city's second assignment of error, which contends that the trial court erred in awarding attorney fees based on plaintiff obtaining an injunction. The city's challenge is narrow in that it does not assign error to the trial court's award of costs, disbursements, or the prevailing party fee. We review the trial court's decision whether to award discretionary attorney fees for abuse of discretion. ORS 20.075(3) (2019); *Jaimez v. Rosales*, 323 Or App 741, 750, 525 P3d 92 (2023).

The trial court concluded that the city violated the district attorney's order in part and accordingly exercised its discretion to award reasonable attorney fees. *See* ORS

192.431(3).[5] To determine the amount of reasonable attorney fees to award, the court considered the factors set out in ORS 20.075 (2019) and set out its evaluation of the factors in an extensive written order. The court considered, among other factors, plaintiff's success in "achieving non-remunerative relief * * * in the form of the Court's instruction to the City to reform its charging policies and procedures relating to public records requests." Given that we conclude that it was not plain error to grant the injunction, we likewise conclude that it was not an abuse of discretion for the trial court to consider that plaintiff obtained an injunction in determining the amount of attorney fees to award.

Affirmed.

---

[5] ORS 192.431(3) provides, in part:

"If a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal. If the person prevails in part, the court may in its discretion award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof."